SHARKEY, plaintiff in error, v. PEOPLE.

*Criminal law — escape of prisoner after writ of error allowed.*

After conviction and judgment in a criminal trial, a bill of exceptions and stay of proceedings were allowed, subsequent to which the prisoner escaped. *Held*, that the right of the prisoner to act adversely to the People and proceed with the bill of exceptions was suspended while the prisoner was at large, but the court could not deprive him of the benefit of proceedings taken before his escape, and the writ of error could not be quashed.

MOTION to quash and dismiss writ of error to review the conviction of William Sharkey and certiorari issued from this court to the court of sessions. The ground of the application is the escape from jail of Sharkey. No points were submitted; the case was argued on the affidavit referred to in the opinion.

*William A. Beach*, for plaintiff in error.

*Benj. K. Phelps*, district attorney, for the People.

DAVIS, P. J. The affidavit in this case shows that after judgment, and prior to the escape from jail of Sharkey, a writ of error with stay of proceedings was duly allowed by one of the justices of this court, and that, subsequent to the escape, a writ of certiorari was allowed to bring up matters *dehors* the record. In the case of the application of Henry W. Genet for a mandamus, *ante*, page 734, this court has come to the conclusion that the convict who thus escapes and remains a fugitive cannot require at the hands of the courts or judges any proceeding in his favor, or insist upon any steps adverse to the prosecution; but that his rights to act adversely to the People are waived and suspended by his own criminal conduct. The effect of this rule is to leave the case in *statu quo*, so far as the action of the convict is concerned. The court would not, therefore, take any action on his motion or behalf. But it does not follow that the

court may, on motion of the People, deprive him of the benefit of proceedings already taken before his escape. We think, therefore, that the writ of error should not be quashed. The certiorari might properly have been denied; but as it is ancillary to the writ, and as the court below will not be compelled to make return to either writ until Sharkey shall be again in custody, within the jurisdiction of the court, we think the better course is to deny the motion in both its aspects.

BRADY, J., concurred.

*Motion denied.*